## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

WILLIE W. WATTS,

     Petitioner,

v.                                Case No. 3:23-cv-1326-RH-MJF

RICKY D. DIXON,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Willie W. Watts, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 6. Respondent moves to dismiss the petition as untimely. Doc. 13. Watts has not opposed the motion.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Watts's petition should be dismissed as time-barred.

### I.    BACKGROUND AND PROCEDURAL HISTORY

In Escambia County Circuit Court Case No. 79-2031, a grand jury indicted Watts for the First-Degree Murder of Freda Kelly (Count 1), First-Degree Murder of Elva Dotson (Count 2), Attempted First-Degree Murder of Carol Bell (Count 3), and Attempted Armed Robbery of Freda Kelly (Count 4). Doc. 13, Ex. A

---

[1] Watts's response deadline expired on July 21, 2023. *See* Doc. 14.

(Indictment).[2] The offenses were committed on July 9, 1979, when Watts was 16 years old. Ex. A; Ex. B at 11; *see also* Doc. 6 at 9.

On December 18, 1979, Watts pleaded guilty as charged to each count and was sentenced to life imprisonment for the murders (Counts 1 and 2) with the possibility of parole after serving no less than 25 years in prison. Ex. B. Watts was sentenced to 30 years of imprisonment for the attempted murder (Count 3), and to 15 years of imprisonment for the attempted robbery (Count 4). *Id.* All sentences were run concurrently with each other and with Watts's sentences in four other cases (Escambia County Circuit Court Case Nos. 79-2674, 79-1872, 79-2181, and 79-1418). *Id.* Watts did not seek direct review of the judgment. *See* Doc. 1 at 2; Doc. 13, Ex. C (Docket Sheet Case No. 79-2031).

Watts filed his initial habeas petition in this case on January 18, 2023. Doc. 1 at 10 & Attach. (Mailing Envelope). Watts's amended petition raises one claim: "Counsel failed to make a preliminary showing that trial court committed fundamental error by not challenging the death penalty for 16 yr. old." Doc. 6 at 9. In support, Watts alleges:

> In this case, Petitioner was charged in the County of Escambia County, Florida, with 2 Counts of First Degree Murder, One Count of First Degree Att. Murder, One Count of First Degree Att. Robbery. Petitioner was only 16 yrs. old at the time of the alleged crime.

---

[2] Hereafter, all citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 13.

> Petitioner's witnesses were willing to testify, at first, to his mental state, but changed when informed about death penalty.

*Id*. at 9. As relief, Watts seeks a ruling "that the death penalty never should have been an option." *Id*. at 19. Watts asserts that his petition is not barred by the statute of limitations because:

> It's a fundamental error for the court to commit fraud that raises [sic] to the level of a manifest injustice. The court committed fraud by putting the death penalty on the table for a 16 yr. old that altered his entire defense. No time limitation on fraud.

Doc. 6 at 19. Construing Watts's amended petition liberally and as a whole, Watts claims that trial counsel and/or appellate counsel was ineffective for failing to challenge the trial court's ruling in 1979 that the death penalty applied, and that counsel's failure to challenge that ruling invalidates Watts's guilty plea.

Respondent moves to dismiss Watts's petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 13.

## II.    DISCUSSION

### A.    <u>The Federal Habeas Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Watts's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

Page 3 of 12

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

A state prisoner whose conviction became final before AEDPA's effective date has one year from the April 24, 1996 effective date—that is, until April 24, 1997—to file his habeas petition. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (habeas petitions of state prisoners whose convictions became final before the passage of AEDPA are timely if filed within one year from AEDPA's effective date); *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (Federal Rule of Civil Procedure 6(a) applies to calculation of AEDPA's one-year limitations period; thus, petitioners whose convictions became final prior to the

effective date of AEDPA have until April 24, 1997 to file a § 2254 petition); *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1154 (11th Cir. 2014).

**B.    Watts's Habeas Petition Is Untimely**

Watts does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Watts's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Watts did not pursue direct review of his December 18, 1979, judgment. Accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").

Watts's time to seek direct review in the Florida First District Court of Appeal expired on January 17, 1980, which was the 30-day deadline for him to file a notice of appeal. *See* Fla. R. App. P. 9.140(b)(2)(A)(ii), (b)(3). Because that date is well

Page 5 of 12

before April 24, 1996, Watts had until April 24, 1997, to file a federal habeas action, absent tolling.[3]

Watts did not file any application for state postconviction or other collateral review before his federal habeas limitations period expired on April 24, 1997.[4] Ex. C. Watts's § 2254 petition, filed on January 18, 2023, is untimely *by over 26 years*.

The undersigned has not overlooked the Supreme Court's decision in *Roper v. Simmons*, 543 U.S. 551 (2005), *abrogating Stanford v. Kentucky*, 492 U.S. 361 (1989). In *Roper*, the Supreme Court held that "[t]he Eighth and Fourteenth Amendments forbid *imposition of the death penalty* on offenders who were under the age of 18 when their crimes were committed." 543 U.S. at 578 (emphasis added):

> In holding that the death penalty cannot be imposed upon juvenile offenders, we take into account the circumstance that some States have relied on *Stanford* in seeking the death penalty against juvenile offenders. This consideration, however, does not outweigh our conclusion that *Stanford* should no longer control in those few pending cases or in those yet to arise.

---

[3] In the 43 years since his conviction, Watts has not been resentenced resulting in a "new" judgment and sentence under *Magwood v. Patterson*, 561 U.S. 320, 331 (2010), that would restart the limitations period.

[4] Watts's applications for state postconviction or other collateral review filed *after* April 24, 1997, did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor did the later filings reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

543 U.S. at 575.

Even assuming from this language that *Roper* applies retroactively, *see Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016) (indicating that *Roper* announced a substantive rule), it does not change the statutory provision governing Watts's limitations period to § 2244(d)(1)(C). The reason is that Watts's claim is not a *Roper* claim based on an Eighth-Amendment right not to be sentenced to death— nor could Watts's claim liberally be construed as asserting a *Roper* claim—because Watts *was not sentenced to death*. The Court in *Roper* was careful to limit the scope of its rule to the imposition of the "most severe punishment" of a capital sentence, where the Eighth Amendment applies with "special force." *Roper*, 543 U.S. at 568; *see also Dingle v. Stevenson*, 840 F.3d 171, 174 (4th Cir. 2016) (the Court in *Roper* "made clear that its holding should be construed to apply only to the sentence actually at issue in that case, which was capital punishment." (citing *Roper*, 543 U.S. at 568)). "[T]he Supreme Court has not suggested that a substantive rule would stretch beyond the proscribed sentence to reopen guilty pleas with a different sentence." *Dingle*, 840 F.3d at 174.

Thus, no plausible argument could be made that the *Roper* decision provides a basis to apply § 2244(d)(1)(C) to Watts's petition. *See, e.g., Moore v. McNeil*, No. 4:09-cv-79-SPM-WCS, 2009 WL 1974176 (N.D. Fla. July 6, 2009) (rejecting petitioner's argument that, based on the *Roper* decision, § 2244(d)(1)(C) or (d)(1)(D)

Page 7 of 12

applied to his § 2254 petition challenging the voluntariness of his guilty plea to crimes committed in 1995—at the age of 17—that *exposed* him to the death penalty under the prevailing law at that time; those subsections did not apply because the petitioner was not sentenced to death).

The claim Watts actually asserts in his § 2254 petition—an ineffective assistance of counsel claim—is based on the right to the effective assistance of counsel. That right is not newly recognized. *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel." (collecting cases)).

In short, § 2244(d)(1)(A) controls the timeliness of Watts's petition. Applying that provision, Watts's petition is untimely.

## C.    Watts's Untimely Petition Should Be Dismissed

Watts does not allege any facts that would support equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (a federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Watts's allegations of "fundamental error" and ineffective assistance of counsel do not make a colorable showing of actual innocence to overcome the limitations bar. Watts has not provided new, reliable evidence that he is *factually* innocent of the murders. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome a statute-of-limitations bar). "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see also, e.g., Woulard v. Sec'y, Dep't of Corr.*, 707 F. App'x 631, 635 (11th Cir. 2017) (petitioner's allegation that but for counsel's failure to file a motion to suppress he would not have pleaded guilty "may lend support for legal innocence," but does not meet "the high bar of providing new evidence that supports factual innocence.").

Watts's untimely petition, therefore, should be dismissed.

### III.    A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation

by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.    CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    Respondent's motion to dismiss, Doc. 13, be **GRANTED**.

2.    The amended petition for writ of habeas corpus, Doc. 6, challenging the judgment of conviction and sentence in *State of Florida v. Willie Watts*, Escambia County Circuit Court Case No. 79-2031, be **DISMISSED WITH PREJUDICE** as time-barred.

3.    The District Court **DENY** a certificate of appealability.

4.    The clerk of court close this case file.

At Panama City, Florida, this 2nd day of August, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within**

fourteen (14) days of the date of the report and recommendation. **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.